NOT DESIGNATED FOR PUBLICATION

No. 123,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of S.M.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed March 5, 2021. Sentence vacated and case remanded with directions.

*Catherine A. Zigtema*, of Zigtema Law Office, LC, of Shawnee, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: In this appeal we must vacate a juvenile sentence because the district court exceeded the statutory limit when it sentenced S.M. to a juvenile correctional facility. We remand the case to the district court for resentencing.

*A review of the Revised Juvenile Justice Code provides us a legal context.*

Two factors determine juvenile sentences: the risk assessment of the juvenile offender and the severity level of the crime the offender committed. Under the Revised Juvenile Justice Code, after a minor is adjudicated as a juvenile offender, the court must order a risk assessment. K.S.A. 2019 Supp. 38-2360(a), (b). Unless the juvenile offender has committed a felony which, if committed by an adult, would be an off-grid or nondrug severity level 1 through 4 person felony, the results of that assessment then control the

1

overall sentence case length. K.S.A. 2019 Supp. 38-2391(a)-(c). The sentence length varies with the assessment of the juvenile and the crime committed.

For juveniles who commit a misdemeanor, the limit is 12 months. For those who commit a felony and are assessed as low risk or moderate risk, the limit is 15 months. And for those who commit a felony and are assessed as high risk, the limit is 18 months. K.S.A. 2019 Supp. 38-2391(b)(1)-(3). The juvenile's sentence cannot exceed these limits. K.S.A. 2019 Supp. 38-2391(a). We move now to the severity level of the crime.

The revised juvenile code sets minimum and maximum terms of commitment based on offender type. This is determined by the severity level of the juvenile's crime as established by the adult criminal code. A court can then classify the juvenile as either a violent offender level I or II or a serious offender level I, II, or III. K.S.A. 2019 Supp. 38-2369(a)(1)-(2). The court may also classify the juvenile as a chronic offender based on the number of prior felony adjudications. K.S.A. 2019 Supp. 38-2369(a)(3). Each of these categories has a minimum and maximum term of commitment. K.S.A. 2019 Supp. 38-2369(a).

Even so, the risk assessment limits a court when it imposes a term of commitment. K.S.A. 2019 Supp. 38-2369(a). The risk assessment also constrains the court's ability to commit juveniles classified as a serious offender III or chronic offender. A court may commit such offenders only if that juvenile was assessed as high risk. K.S.A. 2019 Supp. 38-2369(a)(2)(C), (a)(3)(A).

*S.M. did not contest the charges made against him.*

In January 2020, S.M. entered a no-contest plea to three counts of sexual exploitation of a child for possessing sexually explicit images and videos of children. We

need not elaborate on the facts of his crimes. Based on his plea, the court found S.M. guilty of the three exploitation counts and adjudicated him a juvenile offender.

The risk assessment for S.M. was moderate based on his mental health and sexual behavior. As a result, S.M.'s overall sentence limit was 15 months under K.S.A. 2019 Supp. 38-2391(b)(2).

At the sentencing hearing, the State asked the court to commit S.M. to a juvenile correctional facility for 18 months—the maximum term for a serious offender II under K.S.A. 2019 Supp. 38-2369(a)(2)(B). S.M. argued for probation so that he could continue mental health treatment. The court followed the State's recommendation and committed S.M. to a juvenile correctional facility for 18 months. Under the law, the limit was 15 months.

By exceeding the sentence limits set by the revised juvenile code, the court erred. And the State now concedes this is error. We must vacate this erroneous sentence and remand for resentencing.

We must also point out that on remand, a new risk assessment of S.M. may be required. Under K.S.A. 2019 Supp. 38-2361(f), before a court may impose a sentencing alternative, "the court shall administer a risk assessment tool . . . or review a risk assessment tool that was administered within the past six months." And the court must then "use the results of that assessment to inform orders made pursuant to K.S.A. 2019 Supp. 38-2369 and 38-2391." K.S.A. 2019 Supp. 38-2361(f).

We reject S.M.'s argument made for the first time on appeal that this resentencing should be handled by a different judge, based on some statements made by the judge here. We have carefully reviewed the record and have found no bias or prejudice to S.M.

Nothing in those comments, or the proceedings generally, suggests any bias or prejudice. The judge merely stated that based on his understanding of the relevant statutes, he could sentence S.M. to 18 months in a correctional facility but only 9 months on probation, which made the decision difficult. He then said that nine months was "too short" to complete treatment, not "too short" for punishment, as S.M. argues. Even though the judge's understanding of the sentencing statutes was incorrect, there is nothing in the record suggesting that was because of bias or prejudice. A new judge is not needed on remand.

We vacate the sentence imposed and remand for resentencing in compliance with all provisions of the revised juvenile code.

Sentence vacated and case remanded with directions.